IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | IN PROCEEDINGS |
| | ) | UNDER CHAPTER 11 |
| AG ENERGY RESOURCES, INC | ) | |
| | ) | Case No. 10-41440 |
| Debtors | ) | |

DEBTOR'S MOTION TO SELL REAL PROPERTY
FREE AND CLEAR OF ALL LIENS

COMES NOW Debtor Ag Energy Resources, Inc. (**"Debtor"**), by and through its attorneys, Sandberg Phoenix & von Gontard, PC, and for its Motion to Sell Real Property Free and Clear of all Liens, states as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(M) and (N).

2. Debtor was established in 2005 in the business of standard corn to ethanol production.

3. Debtor initially obtained loans from Du Quoin State Bank and the City of Benton to fund its business.

4. With the change in the economy, Debtor decided to increase its investment to incorporate a milling system into the business to increase profit margins. Thus, Debtor sought additional funding through Peoples National Bank (**"PNB"**).

5. On November 19, 2007, PNB loaned Debtor the principal amount of $4,600,000 and on July 25, 2008 loaned Debtor the additional principal sum of $1,200,000. Both loans were secured by Debtor's plant (**"Plant Property"**), the personal property associated with the Plant Property and real property with a legal description of "Southwest One-fourth (SW ¼) of the Southeast Quarter (SE ¼) of Section One (1),

2712519\1

Township Six (6) South, Range Three (3) East of the Third Principal Meridian, containing 40 acres, more or less, situated in Franklin County, Illinois" (*"40 Acres"*).

6. Due to numerous delays in construction, a major power interruption during initial production, and damage to plant equipment resulting from the power interruption, Debtor experienced financial hardship.

7. Debtor became unable to operate its business and filed a petition in bankruptcy under Chapter 11 of the United States Bankruptcy Code on September 23, 2010 (the (*"Petition Date"*).

8. Debtor is not presently operating its business, but holds the Plant Property and the 40 Acres as a Debtor in Possession.

9. While the Plant Property is essential to Debtor's business, the 40 Acres is not essential and is not used in the operation of Debtor's business.

10. In January of 2009, before the bankruptcy petition was filed, PNB ordered a new appraisal of the Debtor's Plant Property. The appraisal estimated the value of the Plant Property at $13,000,000.

11. As of the Petition Date, the balance due PNB was approximately $5,992,032. Interest has continued to accrue since the Petition Date. According to PNB's Complaint filed prior to this bankruptcy in the Circuit Court of Franklin County, Illinois, interest continues to accrue on the $4,600,000 loan at the rate of $862.50 per day and on the $1,200,000 loan at the rate of $340.00 per day. Assuming those figures are accurate, additional interest of $127,465 is due and owing bring the total due PNB to $6,119,497.

12. PNB's loan to Debtor is currently over secured by both the Plant Property and the 40 Acres and will remain sufficiently secured even if the 40 Acres is sold.

13. Debtor has entered into a Special Sale Contract with Ruger Coal Company, LLC (*"Buyer"*) for the sale of the 40 Acres.

14. The Debtor requests that the Court authorize and approve its sale of the 40 Acres for the purchase price of $120,000 on the terms described in the Special Sale Contract free and clear of all liens, claims, and encumbrances pursuant to 11 U.S.C. §363(b) and (f).

15. The Special Sale Contract is attached as Exhibit A and the principal terms are as follows:

    a. Buyer will pay Debtor $120,000 for the 40 Acres;

    b. Upon receipt of the purchase price, Debtor will transfer the 40 Acres, including all mining rights and surface rights connected to or associated with mining, subsidence rights, fixtures, equipment I, on under, related to or associated with the property except those rights previously transferred by that certain deed dated June 9, 2008 and recorded June 10, 2008 as Franklin County document number 2008-3145 in the Count Clerk's office of Franklin County, State of Illinois

    c. Closing will take place within eleven (11) days of the Bankruptcy Court approval or on any other date the parties agree;

    d. The Special Sale Contract is subject to Bankruptcy Court approval.

16. Section 363(b)(1) permits the Debtor to sell property outside the ordinary course of its business after notice and a hearing if the sale is (a) for a fair and reasonable

price and (b) in good faith. <u>In re Telesphere Communications, Inc.</u>, 179 B.R. 544, 552 (Bankr. N.D. Ill. 1994).

17. The proposed sale is for a fair and reasonable price. Buyer will provide $120,000 as consideration for the sale. The sale to Buyer will produce proceeds in excess of the amount that the estate would receive through a foreclosure proceeding.

18. The proposed sale is in good faith. "[L]ack of good faith is generally determined by fraudulent conduct during the sale proceeding." <u>Apex</u>, 92 B.R. at 869, *citing* <u>In re Exennium, Inc.</u>, 715 F.2d 1401, 1404-05 (9th Cir. 1983). There is no fraudulent conduct in this case. To the contrary, the sale has been conducted at arms' length.

19. The arms-length sale to Buyer is in good faith, bona fide, and protected by 11 U.S.C. § 363(m).

20. The proposed sale will provide a greater opportunity for distribution to creditors than would a foreclosure sale.

21. Section 363(f) allows the Debtor to sell property free and clear of liens, claims and encumbrances if the sale is permitted under non-bankruptcy law.

22. Illinois follows the doctrine of "marshaling of assets". Pursuant to this doctrine, "where there are two creditors standing in equal equity, one of whom has security upon two funds, and the other upon only one of the two, the former is required to proceed primarily against the funds upon which the latter has no claim. <u>In re Rich Supply House, Inc.</u>, 43 B.R. 68 (Bkrtcy. Ill. 1984).

23. The party seeking to marshal assets must demonstrate that he is entitled to the remedy and that the rights of his co-creditor will not be injured or harmed. <u>Id</u>.

24. The sale of the 40 Acres will have no affect whatsoever on PNB's status as a secured creditor given the fact that PNB remains oversecured on its loan to Debtor.

25. The Court should waive the 10-day stay of the effectiveness of the order provided by Bankruptcy Rule 6004(g).

26. Under the circumstances, imposition of the 10-day stay of the effectiveness of a sale order would generate an unnecessary additional disruption. The circumstances warrant a waiver of the stay provided by Bankruptcy Rule 6004(g).

WHEREFORE, the Debtor requests that the Court enter an Order:

(A) Authorizing the Debtor to sell all or substantially its interests in the Property to Buyer, or to a person submitting and higher and better bid, pursuant to the terms of the Agreement and subject to sales procedures to be established by the Court;

(B) Directing the sale of the Property be free and clear of all liens, claims, and other encumbrances in the Property;

(C) Finding that Buyer or the successful bidder is a bona fide purchaser in good faith entitled to the protections of 11 U.S.C. §363(m);

(D) Lifting the 10-day stay of the effectiveness of the sale order as permitted by Bankruptcy Rule 6004(g), so as to make the sale order effective upon entry; and

(E) Providing such other and further relief as just and proper.

        Respectfully submitted,

        SANDBERG PHOENIX & von GONTARD P.C

By:     /s/ Keith D. Price
        Keith D. Price, #4099 Fed Bar
        600 Washington Avenue - 15th Floor
        St. Louis, MO 63101-1313
        314-231-3332; 314-241-7604 (Fax)
        kprice@sandbergphoenix.com
        ***Attorneys for Debtor Kearney Fertilizer, Inc.***

## **CERTIFICATE OF SERVICE**

      I, Keith D. Price, do hereby certify that I have caused to be served this date, via electronic filing transmission and/or U.S. Mail, postage prepaid, a true and correct copy of the above and foregoing to the following:

Sabrina M. Petesch
Office of the United States Trustee
Becker Building, Room 1100
401 Main
Peoria, IL 61602
Sabrina.M.Petesch@USDOJ.gov
***Attorney for U.S. Trustee***

Brian Love
Hammond, Shinners, P.C.
7730 Carondelet, Suite 200
St. Louis, Missouri 63105
blove@hammondshinners.com
***Attorney for Carpenters District Counsel and Carpenters' Funds***

John L. Chullen
901 W. Washington St.
Benton, IL 62812
chullenlaw@frontier.com
***Member Unsecured Creditors Committee***

Charles Webster
500 West Main, POB 640
Benton, IL 62812
mrleadfoot@frontier.com
***Member Unsecured Creditors Committee***

Kenneth D. Sentel
15022 State Highway 34 E.
PO Box 483
Benton, IL 62812
sales@ksbit.com
***Member Unsecured Creditors Committee***

James Bruner
United Contractors Midwest, Inc.
3151 Robbins Road
PO Box 13420
Springfield, IL 62791
***Attorney for Freesen, a Division of
United Contractors Midwest, Inc.***

Cherie MacDonald
Greensfelder Hemker & Gale, PC
12 Wolf Creek Drive, Ste. 100
Belleville , IL  62226
ckm@greensfelder.com
***Attorney for People's National Bank***

THIS 7th day of Janaury, 2011.

            /s/KeithD.Price_____
            Keith D. Price