IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re: | ) |
| | ) |
| AG ENERGY RESOURCES, INC., | ) In Proceedings Under Chapter 11 |
| | ) |
| Debtor. | ) BK 10-41440-lkg |

**OBJECTION TO DEBTOR'S MOTION TO SELL**
**REAL PROPERTY FREE AND CLEAR OF ALL LIENS**

COMES NOW Peoples National Bank, N.A. ("Peoples"), by and through its attorneys, and for its Objection to Debtor's Motion to Sell Real Property Free and Clear of All Liens states as follows:

1.  Debtor has requested approval to sell "40 Acres" free and clear of all liens for $120,000.

2.  As evidenced by its claims filed herein, Debtor is indebted to Peoples as of the filing of this proceeding in the aggregate sum of $8,734,406.10, with additional interest, costs, and attorneys' fees accruing at a considerable daily rate.

3.  Such indebtedness, due pursuant to those certain Promissory Notes made by Debtor and given to Peoples (referred to herein as "Note #1" and "Note #2") and pursuant to that certain Commercial Guaranty of the indebtedness due Peoples by KFI under its Promissory Note (referred to herein as "Note #3"), is secured by the following:

> (a) Mortgages on the real estate and fixtures owned by Debtor and commonly known as 10163 Sugar Creek Road, Benton, IL 62812 (the "Plant Real Estate") and 40 Acres, Benton, IL (the "40 Acres");
>
> (b) Security interest in Debtor's inventory, equipment, accounts, chattel paper, instruments, general intangibles, furniture, fixtures, and other personal property described therein (collectively, the "Plant Personalty") pursuant to those certain Commercial Security Agreements;

      (c)    Security interest in 124 shares of Debtor's stock owned by Michael G. Kearney and 126 shares of Debtor's stock owned by Roberta S. Tabor-Kearney (collectively, the "Stock") pursuant to those certain Commercial Pledge Agreements; and,

      (d)    Mortgages on real property owned by Kearney Fertilizer, Inc. ("KFI") commonly known as Lake Moses Subdivision, State Route 14, Benton, IL (the "KFI Property") pursuant to those certain Commercial Guaranties made by KFI.

4.    The Plant Real Estate consists of approximately 25 acres improved with a specially constructed ethanol plant. The ethanol plant was allegedly damaged during construction and has been operated on a very limited basis since its construction. Since filing this case on September 23, 2010, the ethanol plant has not operated for a single day.

5.    The value of the Plant Real Estate and the Plant Personalty is very difficult to determine due to its specialized nature and its lack of operations.

      A.    Debtor indicates the value is $12,713,714, consisting of $4,756,000 for the real estate on Schedule A, $440,000 in furniture, fixtures & equipment, $7,504,000 in equipment, and $13,714 in small tools on Schedule B. According to Debtor's financial statements, the value was $10,765,480 in May 2010, and $9,917,266 in December 2009.

      B.    Peoples' most recent appraisal indicates the value is $2,979,200 to $5,713,500, depending on whether the machinery and equipment are left in place, and whether it is fully functional.

      C.    In 2009, the appraisal obtained by the bank indicated the value was $13,000,000 if it was "in *stabilized operation*, including the inventories necessary for the operations, and **based on an extraordinary assumption** that the plant will achieve stabilized operation at the desired production capacity of 6 MGY."

Clearly, the 2009 appraisal of $13,000,000 is not appropriate since the plant has not operated for the more than 4 months that this case has been on file, operated so sporadically and rarely prior to its bankruptcy filing, and has no inventory or capital needed to conduct operations.

6.    The 40 Acres is recreational, unimproved real estate that Debtor values at $120,000. Peoples does not have an appraisal for the 40 Acres.

7. The KFI Property consists of undeveloped lots and unimproved property at Lake Moses in Benton, IL. Peoples does not have a lien on the entire Lake Moses development and no longer has a lien on one particular parcel that was recently lost to a third party via tax deed.

    A. KFI's bankruptcy schedules (in Case No. 10-41441, also pending in this District) indicate the value of this property is $3,000,000.

    B. Peoples' September 1, 2009 concluded the "As-Is Market Value" was $2,054,000, consisting of $1,145,000 for the 45 lots (41.32 acres) in the Lake Moses Subdivision and $909,000 for the undeveloped acreage (227.26 acres), which includes more property than what is subject to the bank's mortgages.

8. In total, Debtor and KFI value their assets at $15,713,714. Peoples values them at somewhere between $5,000,000 and $7,000,000 (more or less, depending on the value of the KFI property not subject to the bank's mortgage).

9. Other creditors have liens on the assets. The City of Benton, Illinois holds a mortgage on Debtor's real estate securing debt of $418,103.05 (plus interest continuing to accrue), and the Kearneys hold a mortgage on the real estate owned by Debtor and KFI securing debt of $812,450 (plus interest continuing to accrue). The IRS holds a federal tax lien against Debtor in the amount of $41,812.01, recorded December 8, 2009.

10. There are outstanding real estate taxes for KFI's real estate for the tax years 2008 and 2009, with the 2010 real estate taxes being due this year, and the 2011 real estate taxes being a lien against such property.

11. Considering the value discrepancies, the current economy, Debtor's failure to operate since filing this case, Debtor's lack of inventory and capital, Debtor's failure to obtain any funding to operate during this bankruptcy case, KFI's failure to sell even one parcel of real estate since its bankruptcy filing, the specialized nature of Debtor's assets, the sizable amount of indebtedness owing to Peoples and its daily accrual of interest and added attorneys' fees and

costs, Peoples believes any equity cushion, if any truly exists (which Peoples' valuation indicates does not exist), is minimal, and the creditors holding subordinate interests are even more tenuous.

12. In addition, Debtor has failed to maintain insurance on its assets, and KFI has failed to maintain insurance on the KFI Property.

13. Debtor's schedules and reports filed herein clearly show there are no operating funds to make a reorganization possible, and the addition of the sale proceeds from the 40 Acres does not alter such conclusion.

14. Peoples has a valid priority lien on the 40 Acres and, under non-bankruptcy law, would be paid a fair value for release of its priority lien. No reason exists to allow Debtor to withhold payment from Peoples. And, allowing Debtor to do so may not only damage Peoples, but also may harm other secured creditors whose liens on Debtor's assets are subordinate to those held by Peoples.

WHEREFORE, Peoples prays that this Honorable Court enter an order either denying the sale of the 40 Acres, or an order allowing the sale of the 40 Acres, conditioned upon payment of the sale proceeds to Peoples, and providing for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

GREENSFELDER, HEMKER & GALE, P.C.


       s/ Cherie Macdonald
By:_____
Cherie Macdonald, #06205730
12 Wolf Creek Drive, Suite 100
Belleville, Illinois 62226
Telephone:     (618) 257-7308
Facsimile:     (618) 257-7353

Attorneys for Peoples National Bank, N.A.


**Certificate of Service**

    The undersigned certifies that true and correct copies of the foregoing Objection were served upon all parties in interest via this Court's CM/ECF system on this 31st day of January, 2011.

       s/ Cherie Macdonald
       _____

5