IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re: | ) |
| | ) |
| AG ENERGY RESOURCES, INC., | ) In Proceedings Under Chapter 11 |
| | ) |
| Debtor. | ) BK 10-41440-lkg |

**OBJECTION TO DEBTOR'S MOTION TO
VACATE DISMISSAL AND REINSTATE CHAPTER 11**

COMES NOW Peoples National Bank, N.A. ("Peoples"), by and through its attorneys, and for its Objection to Debtor's Motion to Vacate Dismissal and Reinstate Chapter 11 (the "Motion") states as follows:

1. Debtor's case was filed on September 23, 2010 (the "Petition Date"), 144 days before the filing of this Objection. The day after Debtor filed this case, on September 24, 2010, the Court ordered Debtor to, among other things, file its disclosure statement and plan of reorganization within 120 days of the Petition Date, and specified that the failure to do so "shall result in dismissal without further notice or hearing." (This order is hereafter referred to as the "Case Management Order.")

2. On January 24, 2011, after the 120 day period had expired without Debtor's filing of the required disclosure statement and plan, without filing a motion seeking additional time, or providing any information to the Court or creditors regarding the reason Debtor could not or did not file the statement and plan in accordance with the Case Management Order, the Court entered an Order dismissing the case (the "Dismissal Order").

3. The Case Management Order's requirement that Debtor file its disclosure statement and plan by a date certain insures "that the case is handled expeditiously and economically." 11 U.S.C. § 105(b)(B)(i).

4. Debtor's case was properly dismissed in this instance. Since the Petition Date, the only action taken by Debtor (other than to have its officer attend the meeting of creditors and file reports) is a request for approval to sell "40 Acres" free and clear of all liens for $120,000.

5. Although operating reports are to be filed on a monthly basis, Debtor has filed only three operating reports with this Court (for the months of September, October and November). These reports indicate cash receipts of less than $5,000, and cash disbursements of less than $5,000.

6. Debtor has determined that it is unable to operate and must sell its assets (as indicated in its Motion to Vacate Dismissal and Reinstate Chapter 11). Debtor claims to have been focusing its efforts on one particular sale for "the past 60 days," which would be since December 5, 2010, and has no explanation of what steps it took during the remainder of September, October, November and the first 4 days in December, to move this case forward.

7. After the sale evaporated on January 18, 2011, Debtors sought no additional time to file its disclosure statement and plan, and, instead, made efforts on January 26 (after the dismissal of the case) to locate two potential purchasers.

8. Debtor is indebted to Peoples in the aggregate sum of $8,734,406.10, with additional interest, costs, and attorneys' fees accruing at a considerable daily rate, secured by all of Debtor's assets and assets owned by Kearney Fertlizer, Inc. ("KFI").

9. The total amount of secured debt shown in filed claims is $9,303,987.73, which, in addition to Peoples' claims, includes sums owing to the City of Benton ($418,103.04) and the IRS ($143,937.49).

10. Debtor and KFI value their assets at $15,713,714. Peoples values them at somewhere between $5,000,000 and $7,000,000 (more or less, depending on the value of the KFI property not subject to the bank's mortgage).

11. Other creditors have liens on KFI's assets. MBM Helicopter holds a lien on the real estate owned by KFI securing debt of $512,380.25 (plus interest continuing to accrue). KFI's real estate is subject to outstanding real estate taxes for 2008 and 2009, with the 2010 real estate taxes being due this year, and the 2011 real estate taxes being a lien against such property.

12. Peoples is uncertain whether Debtor's assets are insured.

13. Since filing this case, Debtor has not operated for one day.

14. In sum, no reorganization is possible. No operations have occurred. Debtor's assets are specialized, and the value of its assets is questionable. Debtor has no income or operating capital. Debtor's attempt to sell has failed. Although KFI's bankruptcy case was filed on the same day as Debtor's, KFI has not sold even one parcel of real estate during the pendency of its case. Sizable secured debt remains outstanding with absolutely no payment since the Petition Date. There is simply no reason to reinstate this case.

WHEREFORE, Peoples prays that this Honorable Court enter an order denying Debtor's Motion to Vacate Dismissal and Reinstate Chapter 11, and provide such other and further relief as the Court deems just and equitable.

Respectfully submitted,

GREENSFELDER, HEMKER & GALE, P.C.

s/ Cherie Macdonald
By:_____
Cherie Macdonald, #06205730
12 Wolf Creek Drive, Suite 100
Belleville, Illinois 62226
Telephone:    (618) 257-7308
Facsimile:    (618) 257-7353

Attorneys for Peoples National Bank, N.A.

**Certificate of Service**

     The undersigned certifies that true and correct copies of the foregoing Objection were served upon all parties in interest via this Court's CM/ECF system on this 14th day of February, 2011.

s/ Cherie Macdonald
_____